# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

GREG HUBLER and LYNN HUBLER,   \*
legal guardians of GLT,   \*
   \*     No. 13-52V
     Petitioners,   \*     Special Master Christian J. Moran
   \*
v.   \*     Filed: May 13, 2013
   \*
SECRETARY OF HEALTH   \*     Ruling on the record; dismissal for
AND HUMAN SERVICES,   \*     insufficient proof
   \*
     Respondent.   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners;
Althea W. Davis, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Represented by an attorney, Greg and Lynn Hubler filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on January 22, 2013. Their petition alleged that their ward and granddaughter, GLT, "received various childhood vaccinations during the first six months of her life and developed seizures and severe neurological injury." Pet. ¶ 5. The petition asserted that their "losses are potentially believed to be compensable under the National Childhood Vaccine Act of 1986, as amended." Pet. ¶ 7.

After counsel investigated the case, Mr. and Ms. Hubler filed a motion seeking judgment on the record because "[a]n investigation of the facts and science . . . has demonstrated to the Petitioner[s] that [they] will be unable to prove that [they are] entitled to compensation." Pet'r Mot., filed Apr. 29, 2013. This motion is granted.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

# I.    Procedural History

Mr. and Ms. Hubler filed their petition on January 22, 2013.  The petition recites that they "just learned about the vaccine compensation program within the last couple of days and contacted the undersigned counsel this morning.  The petition is being filed immediately to stop the running of the statute of limitations, even though no records have been reviewed by counsel."  Pet. ¶ 6.

Mr. and Ms. Hubler filed a set of medical records on March 6, 2013.  A status conference was held on March 20, 2013, to discuss the completeness of those records.

The Secretary advised that the record was not complete and requested that petitioners provide additional medical records.  The Secretary also requested that petitioners clarify their claim by filing an amended petition identifying the injury for which they seek compensation.  The Hubler's counsel indicated that he was trying to determine when GLT's seizures began because the medical records listed different dates.

The ensuing order required Mr. and Ms. Hubler to do two things.  First, they were to clarify their status as GLT's guardian by April 19, 2013.  Second, they were to file missing medical records and affidavits by June 18, 2013.  Order, filed Mar. 20, 2013.

Mr. and Ms. Hubler provided information related to their guardianship on April 19, 2013, as ordered.  Exhibit 5.  Before the deadline for filing additional medical records, Mr. and Ms. Hubler filed the pending motion seeking a decision dismissing their case.  In informal communications with the Secretary, she indicated that she did not oppose the motion.

# II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioners must prove either 1) that GLT suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  See §§  300aa-13(a)(1)(A) and 300aa-11(c)(1).

GLT's immunization record demonstrates that she received doses of the DTaP, hepatitis A, hepatitis B, haemophilius influenzae type B, inactivated polio, pneumococcal, varicella, and influenza vaccines on various days.  Exhibit 2 at 3-4.  An examination of the record did not uncover any evidence that GLT suffered a "Table Injury" associated with any of those vaccines.  Thus, Mr. and Ms. Hubler are necessarily pursuing a causation-in-fact claim.   This claim appears to be predicated on GLT suffering from infantile spasms, which are also known as West's syndrome.  See exhibit 4 at 74.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support the Hubler's claim, a medical opinion must be offered in support. They, however, have offered no such opinion.

Accordingly, it is clear from the record in this case that Mr. and Ms. Hubler have failed to demonstrate either that GLT suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Jay All, at (202) 357-6353

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master